**Order entered March 13, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01702-CR

### TIMOTHY DECHEY JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F06-38616-W

## ORDER

The Court has received the clerk's record in this case. The record reflects that although appellant was represented by court-appointed counsel during the adjudication proceedings, counsel has not been appointed to represent appellant on appeal. The reporter's record is overdue, and the court reporter has informed the Court that no request was made for the record. Finally, we note that none of the boxes is marked on the trial court's certification of appellant's right to appeal.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute this appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that the supplemental record contain a completed certification of appellant's right to appeal that accurately reflects the trial court proceedings.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/ DAVID EVANS
JUSTICE